IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CONTINENTAL INDEMNITY COMPANY,**
        **Plaintiff,**

v.

**ROBERT JONES, et al.,**
        **Defendants.**

Civil Action

No. 12-2162-GLR

**MEMORANDUM AND ORDER**

Plaintiff Continental Indemnity Company ("Continental" or "the insurance company") brings this diversity action against Defendants Robert Jones ("Jones") and Doug Havlik ("Havlik"). It seeks a declaratory judgment that neither Defendant is an insured under an insurance policy that Plaintiff issued to Professional Moving and Storage, Inc. ("PMS"), that the policy provides no coverage to them, and that Continental owes to neither defendant a defense in a pending wrongful death action against them.[1] The Court has under consideration Continental Indemnity Company's Motion for Summary Judgment (ECF No. 7). For the reasons set out below, the Court grants the motion.

**I.    Factual and Procedural Background[2]**

Continental issued Workers' Compensation and Employer's Liability Insurance Policy No. 46-01624-01-05 ("the Policy") to PMS for coverage from April 20, 2011, to April 20, 2012. Under the heading "Who is Insured", the Policy states: "You are insured if you are an employer named in Item 1 of the Information Page. If that employer is a partnership, and if you are one of its partners,

---

[1]The state action is styled *Layla Simmons, et. al. v. Professional Moving and Storage, Inc.*, No. 2011CV706 and is pending in the District Court of Douglas County, Kansas.

[2]The stated facts are not disputed by any party.

you are insured, but only in your capacity as an employer of the partnership's employees." Item 1 of the Information Page names PMS as the only insured.

The Policy provides a duty to defend workers compensation claims, proceedings, or suits against PMS for benefits payable. It also provides a duty to defend employers liability claims, proceedings, or suits against PMS for damages payable under the insurance policy. The Policy explicitly states that Continental has no duty to defend a claim, proceeding, or suit that is not covered.

On December 15, 2011, relatives of Frederick Simmons ("Simmons") filed a wrongful death action in Douglas County, Kansas. The plaintiffs in that action allege that, on July 21, 2011, Simmons sustained injuries while in the course and scope of his employment with PMS. More specifically, they allege that the parking brake failed while Simmons was loading a PMS truck in Missouri, that the truck ran over him as he tried to stop it from rolling into an intersection, and that he suffered severe, fatal injuries.[3] The state action asserts claims of negligence (Count II) and "something more" (Count I) against Jones in his capacity as an officer of PMS and against Havlik in his capacity as Simmons' supervisor.[4] The state action also asserted a negligence claim against PMS, predicated on acts and omissions of its agents, servants, and employees, including Jones and Havlik.

On February 10, 2012, Jones and Havlik made a demand to Continental for coverage under the policy to defend them against the wrongful death action and to indemnify them against any

---

[3]Because the incident leading to the wrongful death action occurred in Missouri, the plaintiffs in that action contend that Missouri law governs the claims in that case. *See* First Am. Pet. ¶ 8 (attached as Ex. 1 to Compl. (ECF No. 1-1)).

[4]Count I alleges that the actions of Jones and Havlik were something more than simply failing to provide a safe work place; thus constituting a breach of their respective personal duties owed to Simmons. *See id.* ¶¶ 20-31.

damages that might be awarded against them. In March Continental advised them that it would provide a defense under the Policy, but subject to an express reservation of rights to disclaim or deny coverage. Within two weeks, it commenced this action with its complaint for declaratory judgment.[5] On May 14, 2012, Defendants filed their answer.[6] On the following day the state court dismissed the state action against PMS with prejudice for lack of subject matter jurisdiction.[7] On June 11, 2012, Continental then moved for summary judgment in this action as to Jones and Havlik.[8] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).[9] Defendants responded to the motion.[10] and Continental has filed a reply brief.[11] The motion is ripe for ruling.

## II.    Motion for Summary Judgment

Continental seeks summary judgment upon the grounds that neither defendant is an insured under the insurance policy (No. 46-016624-01-05), which it issued to PMS.[12] Defendants, on the other hand, contend that Continental owes them a defense, because they are the leadership of PMS,

---

[5]*See* Compl. (ECF No. 1).

[6]*See* Answer at (ECF No. 4).

[7]*See* Journal Entry (ECF No. 19-1).

[8]*See* Mot. Summ. J. ("Mot.") at 2.

[9]*See* Notice, Consent, & Reference of a Civil Action to a Magistrate Judge (ECF No. 15).

[10]*See* Defs. Resp. Opp'n to Pl.'s Mot. Summ. J. ("Resp.") (ECF No. 18).

[11]*See* Reply Supp. Mot. Summ. J. ("Reply") (ECF No. 19).

[12]Mot. at 1.

which is the insured.[13]

Under Fed. R. Civ. P. 56(a), courts "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[14]  "[T]he substantive law will identify which facts are material."[15]  A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[16]  The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion."[17]  To determine whether summary judgment is proper, the courts view the record and all reasonable inferences drawn from the record in the light most favorable to the nonmoving party.[18]

### A.   Contract Interpretation

Resolution of the instant motion turns on the interpretation of the insurance contract.  The law of Kansas applies to all substantive issues in this diversity case.[19]  The Court thus looks to

---

[13]Resp. at 1.

[14]This subdivision "carries forward the summary judgment standard expressed in former subdivision (c)," with only one non-substantive change – replacing "issue" with "dispute". Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).  Despite the 2010 amendments, the summary judgment standard "remains unchanged." *Id.*

[15]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[16]*Id.*

[17]*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[18]*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[19]*See Cohen-Esrey Real Estate Servs., Inc. v. Twin City Fire Ins. Co.*, 636 F.3d 1300, 1302 (10th Cir. 2011).  The parties also agree that Kansas law applies. *Compare* Mem. Supp. at 9-11 (setting out Kansas law) *with* Resp. at 10-13 (same).  Defendants, nevertheless, urge application of Missouri law to the substantive claims at issue in the underlying state action, including whether

(continued...)

Kansas law to determine whether Defendants are insureds, whether the Policy provides coverage to them, and whether Plaintiff owes a duty to defend them in the underlying action.

Interpreting contracts under Kansas law requires the Court to determine whether the written instrument is ambiguous.[20] "Whether an instrument is ambiguous is a matter of law to be decided by the court. As a general rule, if the language of a written instrument is clear and can be carried out as written, there is no room for rules of construction."[21] A contract is ambiguous when it contains "provisions or language of doubtful or conflicting meaning, as gleaned from a natural and reasonable interpretation of its language."[22] Ambiguity appears when the Court is generally uncertain as to which of multiple meanings is the proper meaning.[23]

When an insurance policy is ambiguous, the courts must interpret the contract by applying rules of liberal construction.[24] "The rules regarding the construction of insurance policies under Kansas law are well established."[25] In Kansas, all contracts – including insurance policies – are to be construed, if possible, so as to give effect to the intention of the parties after considering the

---

[19](...continued)
vicarious liability survives assertion of the "something more" doctrine and whether Missouri recognizes an implied right to indemnity. *See* Resp. at 2, 14.

[20]*See Weber v. Tillman*, 259 Kan. 457, 476, 913 P.2d 84, 96-97 (1996).

[21]*Id.* at 476, 913 P.2d at 96.

[22]*Id.* at 476, 913 P.2d at 96.

[23]*Id.* at 476, 913 P.2d at 96.

[24]*Am. Family Mut. Ins. Co. v. Wilkins*, 285 Kan. 1054, 1059, 179 P.3d 1104, 1109 (2008).

[25]*O'Bryan v. Columbia Ins. Group*, 274 Kan. 572, 575, 56 P.3d 789, 792 (2002).

contract as a whole.[26]  The insurer, as the drafter of the policy, "has a duty to make the meaning clear."[27]  Ambiguity is construed in favor of the insured[28] and against the drafter.[29]

**B.     Analysis**

Plaintiff argues that it is entitled to summary judgment, because there is no genuine issue of material fact, that Defendants are not insureds under the relevant insurance policy, and that it therefore owes them no duty to defend them in the underlying state action.[30]

In this case the undisputed facts show that PMS is the only insured covered by the insurance policy.  The policy, moreover, only provides a duty to defend claims, proceedings, and suits against the insured either for benefits payable under the workers compensation provisions or for damages payable under the employers liability portion.  The Policy clearly states that there is no duty to defend a claim, proceeding, or suit not covered.

One insurance-law commentator has recognized: "The parties to an insurance agreement may contract to include coverage for employees, members, or stockholders of a corporation.  However, a policy that only designates a corporate entity as the named insured does not automatically insure the corporation's employees or members."[31]  This general principle finds support in Kansas law.  In *Sears ex rel. Sears v. Wilson*, the Court of Appeals of Kansas declined to extend a corporate

---

[26]*Am. Family Mut. Ins. Co.*, 285 Kan. at 1058, 179 P.3d at 1109.

[27]*O'Bryan*, 274 Kan. at 575, 56 P.3d at 792.

[28]*Am. Family Mut. Ins. Co.*, 285 Kan. at 1059, 179 P.3d at 1109.

[29]*Weber*, 259 Kan. at 476, 913 P.2d at 97.

[30]Mot. at 1.

[31]3 Couch on Ins. § 40:15 (3d ed. 2011).

insurance policy to family members of a corporate employee, and found policy language purporting to cover a corporate entity's family to be "a nullity", because corporations have no family members.[32] Applying Kansas law in a similar context, this Court has likewise declined to extend a corporate insurance policy to a family member of a corporate employee who was riding in a non-insured vehicle.[33] In *Harper v. State Farm Mutual Automobile Insurance Company*, the Court of Appeals of Kansas declined to extend a corporate insurance policy to an employee working within the scope of the employment, but driving a non-corporate vehicle.[34] The court also specifically rejected an argument that, "because a corporation can act only through its officers and employees, it is reasonable to interpret" the policy as covering officers and employees of the corporate insured.[35]

Like the plaintiff in *Harper*, Defendants in this case argue that the facts dictate coverage here, because a corporation such as PMS can only act through its officers and employees.[36] While the Court recognizes that automobile insurance policies may differ significantly from the workers' compensation and employer's liability policy at issue in this case, it finds that distinguishing factor immaterial when determining the insured of the policy. When a policy of insurance only names a corporation as an insured, the policy does not insure employees, executives, members, or stock-

---

[32] *See* 10 Kan. App. 2d 494, 497, 704 P.2d 389, 392 (1985) (addressing automobile insurance policy issued to a corporation).

[33] *See Kettelhake v. Hawkeye-Sec. Ins. Co.*, No. 00-2452-CM, 2001 WL 969066, at *3-8 (D. Kan. July 30, 2001) (finding policy unambiguously insured only the named corporate insured).

[34] *See* 191 P.3d 1136, 2008 WL 4222519, at *5-6 (Kan. Ct. App. 2008) (per curiam).

[35] *See id.* at *6.

[36] *See* Resp. at 12-13.

7

holders of the corporation.[37]  Parties are free to contract for coverage beyond the corporate entity itself, but the Court will not interpret a policy to include such coverage without express language to that effect or ambiguous provisions that are construed to provide that coverage.  Neither of those scenarios exist here.  Accordingly, the Court finds that the Policy provides coverage only to PMS.

A related issue is whether the contract provides a duty to defend Defendants.  The duty to defend is separate and distinct from the obligation to provide coverage under the policy.[38]  Naturally, when "there is no coverage under an insurance contract, the insurer has no duty to defend."[39]  An insurer, however, "must consider all the facts to determine if they present a potential of liability," when analyzing its obligation to defend its insured under the policy.[40]  If even a remote possibility of coverage exists, "the company owes the insured a defense."[41]  These general statements of the law clearly recognize a duty to defend.  But that duty is limited to defending the insured.  As already concluded, the only insured in this case is the corporation.  Continental has no duty, therefore, to defend corporate employees under the insurance policy at issue in this case.

There is no dispute that Continental is obligated to provide coverage and a defense to PMS.

---

[37]Citing *Martin v. United States Fidelity and Guaranty Company*, 996 S.W.2d 506 (Mo. 1999), Defendants argue that when "a sued employee is an 'executive officer' of a business, coverage may well exist."  *See* Resp. at 15.  That Missouri case has limited persuasive value in this case, because of the applicability of Kansas substantive law.  Defendants, moreover, apparently fail to recognize that the policy at issue in *Martin* specifically listed executive officers as insureds.  *See* 996 S.W.2d at 508.

[38]*Ramsey v. Lee Builders, Inc.*, 32 Kan. App. 2d 1147, 1154, 95 P.3d 1033, 1038 (2004).

[39]*Brockmann v. Bd. of Cty. Comm'rs*, No. 07-4103-EFM, 2009 WL 175069, at *7 (D. Kan. Jan. 12, 2009) (applying Kansas law), *aff'd*, 404 F. App'x 271 (10th Cir. 2010).

[40]*Ramsey*, 32 Kan. App. 2d at 1154, 95 P.3d at 1038.

[41]*Patrons Mut. Ins. Ass'n v. Harmon*, 240 Kan. 707, 710, 732 P.2d 741, 744 (1987).

Defendants argue that that obligation requires Continental to protect PMS from exposure to potential claims of vicarious liability and indemnification.[42] Vicarious liability, however, is a means for a plaintiff to obtain a judgment against an entity for acts or omissions of its employees.[43] It is not a means for the employees to seek reimbursement or indemnity from the entity. Likewise, the insurance policy has no provision that can be construed to required Continental to indemnify Defendants for any expenses or damages they may be required to pay in the wrongful death action filed against them individually.[44] Although Defendants argue that Missouri recognizes an implied right to indemnity in some circumstances,[45] Missouri has declined to find a right to indemnification on facts similar to those now before the Court, because a wrongful death action against the employee individually would result in no damages properly borne by the employer.[46] The Court thus finds no express or implied right of indemnity that will accrue to Defendants, should they incur fees, costs,

---

[42]Resp. at 10-14.

[43]*See Connick v. Thompson*, 131 S.Ct. 1350, 1359 (2011) (discussing vicarious liability); *Milligan–Hitt v. Bd. of Trustees of Sheridan Cty. Sch. Dist. No. 2*, 523 F.3d 1219, 1223 (10th Cir. 2008) (discussing respondeat superior and noting that municipalities are not vicariously liable for the acts of their employees; they are liable only for the their own misdeeds).

[44]*See Missouri Employers Mut. Ins. Co. v. Nichols*, 149 S.W.3d 617, 626 (Mo. Ct. App. 2004) (construing similar insurance policy). Although *Nichols* is not binding on this Court with respect to the contract interpretation issues raised in this case, the Court finds it persuasive.

[45]*See* Resp. at 14 (citing *Missouri Pac. R. Co. v. Rental Storage & Transit Co.*, 524 S.W.2d 898, 911 (Mo. Ct. App. 1975)). As mentioned previously, Defendants urge the Court to apply the substantive law of Missouri to the claims at issue in the underlying wrongful death action.

[46]*See Nichols*, 149 S.W.3d at 626-27. Kansas also recognizes a doctrine of implied indemnity, which requires "the party whose actual negligence caused the damages . . . to pay back sums the passively negligent party's insurance company has had to pay." *See Danaher v. Wild Oats Markets, Inc.*, No. 08-CV-2293-DJW, 2011 WL 855793, at *3-4 (D. Kan. Mar. 9, 2011). To the extent that doctrine might apply, the Court finds it not implicated on the facts now before the Court.

expenses, or other monetary obligations in that action.  For these reasons, the perceived risk of exposure to these claims of indemnity or vicarious liability imposes no duty to defend Defendants in the underlying wrongful death action to protect the interests of PMS.

The undisputed facts show that PMS is the only insured named in the relevant insurance policy.  Under the undisputed facts, Continental has no duty to defend or indemnify anyone but the insured.

**IT IS THEREFORE ORDERED THAT** Continental Indemnity Company's Motion for Summary Judgment (ECF No. 7) is granted.  Plaintiff is granted summary judgment against Defendants.  The Court hereby declares that Defendants Robert Jones and Doug Havlik are not insureds under the Workers' Compensation and Employer's Liability Insurance Policy No. 46-01624-01-05, which Plaintiff Continental Indemnity Company issued to Professional Moving and Storage, Inc. for coverage from April 20, 2011, to April 20, 2012.  The Court further declares that the Policy provides no coverage for the claims asserted against Jones and Havlik individually in the underlying wrongful death action proceeding in Douglas County, Kansas, and Plaintiff has no duty to defend or indemnify Defendants for those claims or for any expense or liability resulting from that action.

**Dated in Kansas City, Kansas on this 14th day of December, 2012.**

S/Gerald L. Rushfelt
**Gerald L. Rushfelt**
**United States Magistrate Judge**